# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA

In re: **David Alan Morgensen**     Case No. **15-53344 MEH**

### Chapter 13 Plan

Debtor(s).

1. The future earnings of the Debtor(s) are submitted to the supervision and control of the Trustee, and the Debtor(s) will pay to the Trustee the sum of __**655.00**__ each month. Initial attorneys fees are requested in the amount of $__**5,350.00**__.
   ___ Debtor(s) elect a voluntary wage order.

2. From the payments received, the Trustee will make disbursements as follows:
   (a) On allowed claims for expenses of administration required by 11 U.S.C. § 507 (a)(2) in deferred payments.
   (b) On allowed secured claims, which shall be treated and valued as follows:

   | Name | Value of Collateral | Estimated Mortgage/Lease Arrears | Adequate Protection Payments (If specified) | Interest Rate (If Specified) |
   |---|---|---|---|---|
   | **American Honda Finance** | 29,700.00 | | 250.00 | 4.50 |

   [The valuations shown above will be binding unless a timely objection to confirmation is filed. Secured claims will be allowed for the value of the collateral or the amount of the claim, whichever is less, and will be paid the adequate protection payments and the interest rates shown above. If an interest rate is not specified, 7% per annum will be paid. The remainder of the amount owing, if any, will be allowed as a general unsecured claim paid under the provisions of ¶ 2(d).]

   (c) On allowed priority unsecured claims in the order prescribed by 11 U.S.C. § 507.
   (d) On allowed general unsecured claims as follows:
   __**X**__ at a rate of __**0**__ cents on the dollar. The estimated term of the plan is __**60**__ months. (Percentage Plan)
   ____ the sum of ____ payable over ____ months, distributed pro rata, in amounts determined after allowed administrative, secured and priority unsecured claims are paid. The plan payments will continue at the highest monthly payment provided in ¶ 1 as necessary to pay all allowed administrative, secured and priority unsecured claims within sixty months of confirmation. (Pot Plan)

3. The debtor(s) elect to reject the following executory contracts or leases and surrender to the named creditor(s) the personal or real property that serves as collateral for a claim. The debtor(s) waive the protections of the automatic stay and consent to allow the named creditor(s) to obtain possession and dispose of the following identified property or collateral without further order of the court. Any allowed unsecured claim for damages resulting from the rejection will be paid under paragraph 2(d).
   **-NONE-**

4. The Debtor(s) will pay directly the following fully secured creditors and lessors or creditors holding long-term debt:

   | Name | Monthly Payment |
   |---|---|
   | **Central Mortgage Company** | **2,426.00** |
   | **Green Tree Servicing LLC** | **0.00** |

5. The date this case was filed will be the effective date of the plan as well as the date when interest ceases accruing on unsecured claims against the estate.

6. The Debtor(s) elect to have property of the estate:
   ____ revest in the debtor(s) at such time as a discharge is granted or the case is dismissed.
   __**X**__ revest in the debtor(s) upon plan confirmation. Once property revests, the Debtor(s) may sell or refinance real or personal property without further order of the court, upon approval of the Chapter 13 Trustee.

7. The debtor(s) further propose pursuant to 11 USC § 1322(b):
   **Debtors will submit a loan modification application to Central Mortgage Company (Account Number 9041495243). The Chapter 13 Trustee shall make no payments to pre-petition arrears for Central Mortgage Company (Account Number 9041495243), as the loan modification will account for the pre-petition arrears owed Central Mortgage Company (Account Number 9041495243). In the event the loan modification is denied, Debtors will amend/modify their Chapter 13 Plan to provide for payment of pre-petition arrears owed Central Mortgage Company (Account Number 9041495243), or in the alternative will surrender the property securing the debt owed Central Mortgage Company (Account Number 9041495243). Should the modification be denied, the terms shall revert back to the operative loan documents.**

   **Based on the valuation, with regard to the junior mortgage of Green Tree Servicing LLC (Account Number 66002630), the second mortgage lender is wholly unsecured and Debtor intends on filing a motion to avoid the lien of Green Tree Servicing LLC (Account Number 66002630). Debtor shall make no further payments to Green Tree Servicing LLC (Account Number 66002630). The Trustee shall pay any claim filed by Green Tree Servicing LLC (Account Number 66002630) as an unsecured debt pursuant to Section 2(d) of Debtor's Plan.**

**/s/ David Alan Morgensen**         **October 29, 2015**

Rev. 10/05 (This certification must be signed for any Model Chapter 13 Plan generated by WordPerfect, Word, or other word processing program.)

Software Copyright (c) 1996-2014 Best Case, LLC - www.bestcase.com     Best Case Bankruptcy

Case: 15-53344   Doc# 10   Filed: 11/02/15   Entered: 11/02/15 13:40:58   Page 1 of 2

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA

In re: **David Alan Morgensen**

Case No. **15-53344 MEH**

**Chapter 13 Plan - Continuation Sheet**

Debtor(s).

Debtor's Signature Date

I, the undersigned, am the attorney for the above named Debtor(s) and hereby certify that the foregoing chapter 13 plan is a verbatim replica of pre-approved chapter 13 plan promulgated pursuant to B.L.R. 1007-1 for use in the San Jose Division.

Dated: **October 29, 2015** **/s/ David A. Boone**
 **David A. Boone 74165**
 Attorney for Debtor(s)

Rev. 10/05 (This certification must be signed for any Model Chapter 13 Plan generated by WordPerfect, Word, or other word processing program.)

Software Copyright (c) 1996-2014 Best Case, LLC - www.bestcase.com Best Case Bankruptcy