**VANESSA H. WIDENER (Bar No. 203967)**
  vhw@amclaw.com
**JENNIFER S. MUSE (Bar No. 211779)**
  jsm@amclaw.com
**ANDERSON, McPHARLIN & CONNERS LLP**
**707 Wilshire Boulevard**
**Suite 4000**
**Los Angeles, California 90017-3623**
**TELEPHONE: (213) 688-0080 ♦ FACSIMILE: (213) 622-7594**

Attorneys for Creditor,
Central Mortgage Company dba Central
Mortgage Loan Servicing Company

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| In re<br><br>DAVID MORGENSEN AND<br>PATRICIA MORGENSEN<br><br>Debtors. | Case No. 5:15-bk-53344-MEH<br><br>Adv No.<br><br>Chapter 13<br><br>**SECURED CREDITOR CENTRAL MORTGAGE COMPANY'S OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN** |

Central Mortgage Company dba Central Mortgage Loan Servicing Company ("Central Mortgage") hereby objects to confirmation of the Chapter 13 Plan proposed hereunder by David Morgensen and Patricia Morgensen ("Debtors") on the following grounds:

## I. STATEMENT OF FACTS

1. On or about March 15, 2005, Debtors, for valuable consideration, made, executed and delivered to Downey Savings and Loan Association, F.A. ("Downey") an Adjustable Rate Note in the principal sum of $770,000.00 ("Note"). Pursuant to the terms of the Note, Debtors agreed and are obligated to make

monthly principal and interest payments.  (See Declaration of Leslie Crider (Crider Dec.), Exhibit A.)

2. The Note was secured by a Deed of Trust encumbering the real property located at 375 Woodland Drive, Scotts Valley, California 95066, and recorded on March 21, 2015 in the Santa Cruz County Recorder's Office as Instrument No. 2005-0018568 ("Deed of Trust").  (See Crider Dec., Exhibit B.)

3. Downey's beneficial interest in the Note and Deed of Trust was assigned and transferred to Central Mortgage as evidenced by the Assignments of Deed of Trust recorded in the Santa Cruz County Recorder's Office on January 9, 2006 as Instrument No. 2006-0001288 and July 13, 2011 as Instrument No. 2011-0027909.  (See Crider Dec., Exhibits C and D.)

4. On or about October 22, 2015, the Debtors filed a Chapter 13 bankruptcy petition.  Their proposed Chapter 13 Plan was filed on November 2, 2015 (the "Plan").  The Plan indicates that the Debtors will apply for a loan modification.  As such, the Debtors did not account for any of the prepetition arrearages due to Central Mortgage, and instead contend that they will update or modify their Plan if the loan modification is denied.  (See Docket No. 10.)

5. On November 30, 2015, Central Mortgage filed its Proof of Claim. (See Proof of Claim [Claim 2].)  The Proof of Claim shows the prepetition arrearages currently due and owing as **$320,196.74**.  The prepetition arrearages are calculated as follows:

    a. One monthly mortgage payments missed at $2,426.28;
    b. Thirty-one monthly mortgage payments missed at $2,363.50 each;
    c. Nine monthly mortgage payments missed at $5,949.66 each;
    d. Twelve monthly mortgage payments missed at $5,667.29 each;
    e. Five monthly mortgage payments missed at $5,823.37 each;
    f. Seven monthly mortgage payments missed at $5,621.77 each;
    g. Six monthly mortgage payments missed at $7,125.43 each;

h. Late fees totaling $5,688.34;

i. Attorney's fees totaling $3,187.50;

j. Filing fees and court costs totaling $406.00;

k. Recording fees totaling $154.00;

l. Appraisal/broker's price opinion fees totaling $985.00;

m. Property inspection fees of $464.00;

n. Publication fees totaling $1,010.00; and

o. Certified mail fees of $369.40.

6. As of the filing of this objection, Central Mortgage does not have record of the Debtors submitting a recent request for a loan modification. (See Crider Dec. at ¶ 10.) Therefore, in order to protect Central Mortgage's interest, beginning January 1, 2016, the Debtors will need to make the monthly mortgage payment to Central Mortgage in the amount of $4,060.72 and the Debtors will have to increase the plan payments by $5,336.62 per month to cure the prepetition arrearages owed Central Mortgage within the sixty (60) months of the proposed plan. (See Crider Dec., ¶10.)

In light of the foregoing, Central Mortgage hereby objects to the Chapter 13 Plan filed herein by Debtors.

## II. ARGUMENT

### A. The Chapter 13 Plan Does Not Meet the Full Value Requirement

Application of provisions of 11 U.S.C. §1325 determines when a Chapter 13 Plan shall be confirmed by the Court. The Debtors' Plan is incorrect and cannot be confirmed. It *does not* account for payment of the prepetition arrearages owed to Central Mortgage as set forth in its Proof of Claim in violation of 11 U.S.C. §1322(b)(2). While the Debtors contend that they "will submit" a loan modification, as of the filing of this objection, Central Mortgage has no record of a request for loan modification being submitted by the Debtors. Moreover, the Debtors ask the Trustee to not make any payments to Central Mortgage for the

prepetition arrearages. Since the arrearages owed to Central Mortgage are not accounted for, the Plan fails to satisfy the requirements of 11 U.S.C. §1325(a)(5)(B) and cannot be confirmed.

### B. The Chapter 13 Plan Does Not Provide for Prompt Cure of Prepetition Arrears

Additionally, the Debtors' Plan is contingent on the approval of a loan modification which has not been requested. As such, the Plan does not seek to cure the arrearages. The Debtors will have to increase the Plan payments by at least $5,366.62 per month through the Plan to cure the prepetition arrearages owed Central Mortgage within the sixty (60) months. (11 U.S.C. § 1322(d).)

### C. The Chapter 13 Plan Is Not Feasible

The Plan does not appear to be feasible. (11 U.S.C. § 1325(a)(6).) It does not appear that the Debtor will be able to make the plan payments. Schedule I indicates the Debtor has a monthly income of $6,610.07. It is impossible for the Debtor to make the monthly mortgage payment and the payments needed to cure the pre-petition arrearages.

## III. Request for Relief

WHEREFORE, Central Mortgage respectfully requests:

1. That the confirmation on the Debtors' Plan be denied;

2. That the Debtors' case be dismissed;

3. Alternatively, order the Debtors to (a) amend the plan to reflect the prepetition arrearages owed to Central Mortgage as set forth in the Proof of Claim [Claim 2], and (b) pay the arrearages within sixty (60) months as well as the monthly mortgage payments; and

/ / /
/ / /
/ / /
/ / /

4. For such other and further relief as this Court may deem just and proper.

DATED: December 4, 2015         ANDERSON, McPHARLIN & CONNERS LLP

By: _/s/ Jennifer S. Muse /s/_
    Vanessa H. Widener
    Jennifer S. Muse
Attorneys for Creditor, Central Mortgage Company dba Central Mortgage Loan Servicing Company

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

1385679.1 05985-193-A

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is Suite 4000, 707 Wilshire Boulevard, Los Angeles, California 90017-3623.

A true and correct copy of the foregoing document entitled (*specify*): SECURED CREDITOR CENTRAL MORTGAGE COMPANY'S OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) December 4, 2015 I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Attorney for Debtor:   David A. Boone    ecfdavidboone@aol.com, ecflodab@gmail.com
Trustee:   Devin Derham-Burk    ctdocs@ch13sj.com
Attorney for Central Mortgage:   Jennifer Muse    jsm@amclaw.com, lmg@amclaw.com
U.S. Trustee:   Office of the U.S. Trustee / SJ    USTPRegion17.SJ.ECF@usdoj.gov, ltroxas@hotmail.com

☐ Service information continued on attached page.

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) December 4, 2015 , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**Debtor**
David Alan Morgensen
375 Woodland Drive
Scotts Valley, CA  95066

Attn:  Millie McGowan, Courtroom Deputy for
The Hon. M. Elaine Hammond
United States Courthouse, Room 3035
280 South First Street
San Jose, CA  95113-3099

☐ Service information continued on attached page.

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| December 4, 2015 | Lisa Greene | /s/ Lisa Greene /s/ |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012    **F 9013-3.1.PROOF.SERVICE**