DAVID A. BOONE - SBN 74165
LEELA V. MENON - SBN 195435
FANNY ZHANG WAN - SBN 277606
LAW OFFICES OF DAVID A. BOONE
1611 The Alameda
San Jose, California 95126
Telephone;   (408) 291-6000
Facsimile:   (408) 291-6016

ATTORNEYS FOR DEBTOR
DAVID ALAN MORGENSEN

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

IN RE: ) CASE NO. **15-53344 MEH**
)
) CHAPTER 13
DAVID ALAN MORGENSEN )
) No Hearing Requested
)
Debtor. )
) Honorable M. Elaine Hammond

**MOTION TO VOID AND STRIP LIEN OF**

**GREEN TREE SERVICING LLC/RBS CITIZENS, N.A.**

David Alan Morgensen, hereinafter "Debtor" through attorneys, LAW OFFICES OF DAVID A. BOONE, respectfully represent:

1. Debtor filed a petition for relief on October 22, 2015.

2. The Debtor owns real property at 375 Woodland Drive, Scotts Valley, CA, 95066 ("Property"), a legal description of the property is attached hereto and incorporated herein as Exhibit "1".

3. The Debtor contends that the value of the Property is no more than $909,656.00.

4. The Property is encumbered by a senior lien no less than $1,108,631.07.

5. The Property is encumbered by a junior lien held by Green Tree Servicing LLC/RBS Citizens, N.A., "beneficiary", recorded with the Santa Cruz County Recorder on May

10, 2005 as document number 2005-0031182, the Assignment of Deed of Trust was recorded with the Santa Cruz County Recorders on December 30, 2010 as document number 2010-0055681.

6. Debtor contends that, in light of the value of the Property and the amount of the senior lien, the lien of the deed of trust held by Green Tree Servicing LLC/RBS Citizens, N.A. is wholly unsecured and has a value of zero. (See Declaration of David Alan Morgensen, filed herewith).

7. It is the purpose of this motion to bind any servicing agents or other parties acting for beneficiary. They are also being served with this motion. Debtor believes these are the following such parties: NONE

**MEMORANDUM OF POINTS AND AUTHORITIES**

Bankruptcy Rule 3012 provides:

"The court may determine the value of a claim secured by a lien on property in which the estate has an interest on motion of any party in interest and after a hearing on notice to the holder of the secured claim and any other entity as the court may direct."

Bankruptcy Code §506(a) provides:

"An allowed claim of a creditor secured by a lien on property in which the estate has an interest,...is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property,...and is an unsecured claim to the extent that the value of such creditor's interest...is less than the amount of such allowed claim." ( *In re Lam,* 211 B. R. 36 (9th Cir. BAP 1997); *In re Maynard*, 264 B.R. 209 (9th Cir. BAP 2001); *In re Zimmer,* 313 F. 3d 1220 (9th Cir. 2002)).

The Declaration of Debtor establishes that the Property is property of the estate and provides adequate, qualified opinion evidence as to the value of the Property. Courts applying Federal Rules of Evidence, Rule 701, have held that, " The opinion testimony of a landowner as to the value of his land is admissible without further qualification." (*United States v. 3,698.63 Acres of Land*, 416 F. 2d 65, 67 (8th Cir. 1969)). In California, owners of land are qualified to testify to the value of

their land (Cal. Evidence Code §813).

The debt to the first Deed of Trust holder is no less than $1,108,631.07, which is more than the value of the property. Since the junior trust deed is wholly unsecured, the lien should be found void and stripped as a lien on the property. Said lien should be treated as an unsecured claim unless it is a purchase money obligation. The Request for Judicial Notice filed herewith annexes the Proof of Claim of the senior deed of trust holder which is incorporated herein as Exhibit "2".

WHEREFORE , Moving Party respectfully requests the Court:

(1) to find that service was proper ;

(2) to find that the market value of the Property is no more than $909,656.00 as of the date of filing;

(3) to find that the junior deed of trust held by Green Tree Servicing LLC/RBS Citizens, N.A. is wholly unsecured, and has no value;

(4) to find that the junior deed of trust held by Green Tree Servicing LLC/RBS Citizens, N.A. is void, unenforceable and of no further force or effect;

(5) to hold that the Order be binding on any successors or assigns of Green Tree Servicing LLC/RBS Citizens, N.A.;

(6) the voiding and stripping of Creditor's Deed of Trust is contingent only upon the Debtor's completion of their Chapter 13 Plan and the Debtor's receipt of a Chapter 13 discharge.

(7) upon receipt of the Debtor's Chapter 13 discharge; Debtor shall record the Order to void and strip the lien and the discharge with the County Recorder's Office; and

(8) for such other and further relief as the Court deems just and proper.

Date: February 4, 2016                    Respectfully Submitted,
                                          THE LAW OFFICES OF DAVID A. BOONE

    /s/ David A. Boone
Law Offices of David A. Boone
Attorney For Debtor